The Chief
Justice delivered the opinion of the court.*
This was an action of covenant upon a deed of bargain find sale, containing a covenant of warranty against all *390 persons claiming by or under Andrew Moore, and a brjeacb **le covenant is alledgéd in an eviction had by virtue of a judgment in an action of ejectment brought -by a person claiming title under Andrew Moore,
In an action of covenant, ty ItTsTn mi case necessa-rytoaverthat the land been tried; to aver an tren by a pa-¡¡'"sufficient^ and the superiority of betrie/inthe action on the covenant.
tionexitebo-tween á enantof gen warranty and p-ahist a par-ticúlarclaim. llie/r3i »n rewsstirv “evict oñ and "«ie superior-such ~ aver-mentis re-^IlScf-iit■ ltQ aver an evic-tio:t under and (vheti.er the tide was tried at. ⅛") Tb-eárh ”of the covenant,
in aiiaetion 1maww-aiy pontained in deed noi recorded, it ‘s„ ibeexecution of the deed, '!n!fss execution in issue,
*390 Various points were made, both in the pleadings and oil *ria^ ^le cause in the circuit court, but few of theft, however, will be necessary to be decided in order to reach the justice of the case. The first we shall notice, relates ^le P'eai which was filed by the defendant, and which was adjudged on demurrer to be insufficient. is certainly very inartificially drawn, and in some re-spe¿ts, contradictory; its object, however, appears to be, to ^enJ that the title to the land had been tried in the action of ejectment.
^That was a point which, we apprehend, was wholly im-hiaterial. To enable a plaintiff to maintain an. action up-. on a covenant of warranty, it cannot be necessary, in any case, to aver that the title to the land had been tried. If ^ie act'on he brought upon a general covenant of warranty, necessary to alledge that the eviction was under an adverse paramount title, and whether it is so or not, will be a qUestion to be tried in the action of covenant.^ It cannot, therefore, be necessary <o be averred that it had been before tried. "Rut in this case it was not even necessary for the plaintiff to alledge that the title, derived under Moore, a paramount title, or that the eviction under it was a legal one. Between a general covenant of warranty against the claims or'acts of all persons, and a particular covenant against the claims or acts of persons therein named, there is a clear and well founded distinction; and whilst it is held that an illegal or tortious eviction is not' a breach of the former'species of covenant, it is clearly settled, that such an eviction, if by the persons, or under the claims named in the covenant, is a breach of the latter species of covenant. the covenant in this case is unquestionably of the latter species of covenant, it follows that the plaintiff was under no necessity to aver that theieviction was under a paramount title, much less that the title had been tried. The .circuit court, tbereforé, correctly sustained the demurrer to the dé-. fendant’s
The points arising on the trial of the cause, which are material to be noticed, grow out of objections ta,hen to the admissibility of evidence produced by the pi aim t
B. Hardin for appellant.
I1 f.,lch a cor¿ ;n ti,e c. jectment is e-v,l(ien?e,. vs. i he cleft to sheweri-.tion, but no ⅛.
v£y 0,-3% port ⅛ the eject-meat is no made so by bill ofexcep-w°£°r°iheu therefore no evidence vs. t!je v*"arranN
.íhe first objection is taken to the admission of the deed óf bargain and sale, declared on. The deed does not appear to have been recorded, nor was it proven by any witness, but as there was no plea denying it, the plaintifTmost Clearly could not be required to prove its execution on the trial, before it wás used in evidence, lbe next objection was made to reading the record of the action in ejectment, Prom the nature of the case the record could prove no fact material m the cause but the eviction, and of tins it was admissible evidence, as has been repeatedly decided by this court. '
The only other objection made to the competency of the evidence, was taken to the admission of the report of a surveyor, which was attached to the record of the action of ejectment. ^ _
^ _ The report, we are of opinion, was improperly admitted as evidence, it constituted no part of the record of the suit in ejectment, not having been made so by bill of exception or otherwise, nor was it proved to have been used on the trial of that suit. But the purpose for which it must have been adduced, was to establish the fact, that the eviction was had under the title of Andrew Moore, and of this Tact it was certainly not the best evidence the nature of the case admitted.
The judgment must, therefore, be reversed with costs, and the cause remanded for a new trial to be had, not in-eonsistent with this opinion. .

Absent, Judge Looaií.